Dear Representative Patti:
You have requested an opinion of the Attorney General as to whether a sales and use tax successfully passed by the Plaquemines Parish School Board excludes collections on food and prescription drugs. The proposition calls for the levy and collection of a one percent tax ". . . upon the sale at retail, the use, lease or rental, the consumption and the storage for use or consumption of tangible personal property and on sales of services in the Parish of Plaquemines ("Parish"), all as defined in La. R.S. 47:301 through 47:317, inclusive . . . . "
The power of a local governmental subdivision to impose sales and use taxes is authorized by La. Const. Art. VI, Section 29(A) (1974). Section 29(D) limits the power to grant exemptions from sales taxes in the following manner:
 "Except when bonds secured thereby have been authorized, the legislature by law may uniformly exempt or exclude any goods, tangible personal property, or services from sales or use taxes levied by local governmental subdivisions, school boards, and the state."
This discretionary power to declare exemptions is delegated exclusively to the legislature. No such power is granted to school boards by the Constitution.
Pursuant to the power granted by Art. VI, Section 29(D), the legislature has enacted LSA-R.S. 47:305. Subsection (D)(1)(j) and (n) exempt prescription drugs and food, respectively, from state sales tax. LSA-R.S. 47:302(H) and (I) have suspended the exemption for food for the period July 1, 1991, through June 30, 1994.
While the prescription drug exemption has not been suspended from state sales tax, LSA-R.S. 47:305(D)(4) provides, in pertinent part:
"(4) The exemption for food, drugs, . . . applies only to sales taxes imposed by the state of Louisiana and does not apply to such taxes authorized and imposed by any school board, . . . notwithstanding any other provisions of law to the contrary, and specifically, but not exclusively, R.S. 33:2716.1."
Based on the above, it is the opinion of this office that the school board's sales and use tax, in question, is applicable to, and collectible on, both food and prescription drugs. This opinion is consistent with previous opinions issued by the Attorney General. See Opinions of the Attorney General Nos. 76-1598 and 90-184-A.
Trusting this information adequately addresses your question, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0025R